### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| SARAH TOWNSEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-2798 |
| ) | |
| T. WILLIAMS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## Complaint

### *Introduction*

1.  In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff Sarah Townsend seeks judgment against Officer Unknown Williams for violation of her First Amendment rights by retaliating against her for criticizing the police and recording a police officer engaged in the public discharge of his duties, confiscating her property, and threatening her with arrest.

### *Parties*

2.  Plaintiff, Sarah Townsend, is a citizen of Missouri who resides in the City of Dellwood.

3.  Defendant, Officer T. Williams, is a police officer employed by an entity holding itself out as the North County Police Cooperative. He is sued is his individual capacity. He was acting under color of law at all times relevant to this complaint.

1

*Jurisdiction and Venue*

4.      Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment.

5.      The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution of the United States and § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

6.      Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in St. Louis County, Missouri.

7.      Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in St. Louis County and the claim for relief itself arose in St. Louis County. E.D. Mo. L.R. 2.07(A)(1), (B)(2).

*Facts*

8.      On the evening of August 26, 2018, Plaintiff went to the Mobil Gas Station on West Florissant in Dellwood in order to buy gasoline and a soda.

9.      There, a man using a manual wheelchair approached her and engaged her in conversation.

10.     While she was talking to the man, Officer T. Williams of the North County Police Cooperative arrived at the gas station.

11.     When Officer Williams arrived, he exited his vehicle and told the man using the wheelchair that he was going to jail.

12. After Officer Williams wheeled the man away from Townsend and her vehicle, Townsend began video recording the interaction on her cell phone and told Officer Williams the man had not been a bother to her.

13. Townsend asked: "Why is he going to jail? What is he being charged with?"

14. Officer Williams stated: "Can you go back over there because this has nothing to do with you! Absolutely nothing."

15. Townsend complied with Officer Williams' instruction while asking calmly: "Why are you doing this?"

16. Officer Williams then came toward Townsend, reached out, grabbed her phone, and threw it forcefully into her vehicle through an open window.

17. The phone continued recording video.

18. Townsend—who remained right next to her car—retrieved the phone and "zoomed" the phone's camera in on Officer Williams and the man in the wheelchair.

19. Officer Williams told the man that "the mayor" had called North County Co-Op and demanded the police arrest the man because he had been "begging and harassing people."

20. From across the property where Williams had wheeled him, the man yelled to Townsend: "Ma'am, was I begging or harassing you?"

21. Townsend responded that the man was "not begging or doing anything to anybody."

22. Townsend also stated: "There was no reason for you to grab my belongings and throw them into my car. Sir. Mr. Williams."

23. Officer Williams continued to speak to the man, telling the man there was nothing he could do about the arrest because the mayor himself had called the police.

24. Townsend stated: "Why does the mayor care so much about people that are homeless out here? Why does the mayor care so much about that and not anything else that is going on in St. Louis?"

25. Officer Williams continued speaking to the man and did not reply to Townsend, whose statement had not affected Officer Williams' ability to communicate with the man.

26. Throughout this exchange, Townsend remained next to the gas pump.

27. The man using the wheelchair and Officer Williams were some fifteen feet away.

28. Townsend asked again why the man was being arrested.

29. Officer Williams stated: "Can you get out of my face please?"

30. Townsend replied: "I'm not in your face; I'm across here."

31. Officer Williams began stalking toward Townsend, upon which Townsend stated: "If you touch me, there's going to be a serious problem. You need to not. Sir."

32. It took Officer Williams eight long strides to reach Townsend.

33. He grabbed the phone out of Townsend's hand and turned off the video.

34. Williams stated: "Fuck you bitch get the fuck out of my face" and confiscated the phone, putting it in his pocket and refusing to return it to Townsend.

35. Instead, he told her he was calling "back up" to arrest her.

36. Eventually, Officer Williams returned the phone but warned Townsend that he would be looking for her license plate and would arrest her the next time he saw it.

## COUNT I: FIRST AMENDMENT

*Violation of First Amendment right – 42 U.S.C. § 1983*

37. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

38. Townsend engaged in constitutionally protected activity when she criticized government action and when she video recorded a police officer carrying out his official duties in a place open to public view.

39. Criticizing the government and recording police officers when they carry out their public duties are forms of expressive conduct that are protected by the First Amendment, and Townsend's right to engage in these constitutionally protected types of expression is clearly established.

40. Officer Williams retaliated against Townsend for engaging in constitutionally protected expressive activity.

41. Confiscation of one's personal property and threatening a person with arrest—including a continuing indefinite threat into the future—would chill a reasonable person from continuing to record and/or criticize the police.

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Townsend and against Williams;

B. Award Plaintiff compensatory and nominal damages and declaratory and injunctive relief;

C. Award Plaintiff reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow any other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
(314) 652-3112 (facsimile)
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
ACLU of Missouri Foundation
(816) 470-9938
gwilcox@aclu-mo.org

Lisa S. Hoppenjans, #63890MO
First Amendment Clinic
Washington University School of Law
Campus Box 1120
Anheuser Busch Hall
One Brookings Drive
St. Louis, MO 63130-4899
(314) 935-8980
(314) 935-5171 (facsimile)
lhoppenjans@wustl.edu

**Attorneys for Plaintiff**