UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH TOWNSEND, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 4:19-cv-02798 |
| ) | |
| T. WILLIAMS, ) | |
|     Defendant. ) | |

## ANSWER

Comes now Defendant, Terrence Williams, and for his Answer to Plaintiff's Complaint states:

1. Defendant denies Paragraph 1.

2. Defendant lacks sufficient information to admit or deny, and therefore denies, Paragraph 2.

3. Defendant makes no answer to the legal conclusions of Paragraph 3. Defendant denies the factual allegations, if any, of Paragraph 3.

4. Defendant makes no answer to the legal conclusions of Paragraph 4.

5. Defendant makes no answer to the legal conclusions of Paragraph 5.

6. Though Defendant does not contest venue in this Court, Defendant makes no answer to the legal conclusions of Paragraph 6, and denies the factual allegations, if any, of Paragraph 6.

7. Though Defendant does not contest venue in this Court, Defendant makes no answer to the legal conclusions of Paragraph 7, and denies the factual allegations, if any, of Paragraph 7.

8. Defendant admits that Plaintiff was present at the referenced location during or about the referenced evening. Defendant lacks sufficient information to admit or deny, and therefore denies, the remaining allegations of Paragraph 8.

9. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations of Paragraph 9.

10. Defendant admits he arrived at the referenced location during or about the referenced evening. Defendant lacks sufficient information to admit or deny, and therefore denies, the remaining allegations of Paragraph 10.

11. Defendant denies Paragraph 11 but admits that at some point during that evening at that location, he told the referenced man that he would have to leave or he would be taken from the property.

12. Defendant denies that Plaintiff had said the man had not been a bother to her. Defendant admits the remaining allegations of Paragraph 12.

13. Defendants denies Paragraph 13, but admits Plaintiff said substantially equivalent words.

14. Defendants denies Paragraph 14, but admits Defendant said substantially equivalent words.

15. Defendant denies Paragraph 15.

16. Defendant denies the implication of the word "then" to the extent it re-asserts Paragraph 15, and denies the characterization of "threw it forcefully … through an open window" but admits that after Defendant instructed Plaintiff to go back to where she had been, Defendant approached Plaintiff, removed the phone from her hand, and put it onto the seat of a vehicle.

17. Defendant admits Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant denies Paragraph 19.

20. Defendant admits that at some point during the referenced evening, the man so asked, but denies it was in the sequence suggested by Paragraph 20 and denies that it was "[f]rom across the property."

21. Defendant denies that Paragraph 21 contains Plaintiff's complete response,

but admits that Paragraph includes some of it.

22. Defendants denies Paragraph 22, but admits Plaintiff said substantially equivalent words.

23. Defendant admits he continued speaking with the referenced man, but denies the remaining allegations of Paragraph 23.

24. Defendant admits Paragraph 24.

25. Defendant denies Paragraph 25.

26. Defendant admits that Plaintiff was at or near a gas pump during some portions of her interrupting Defendant's attempt to communicate with the man but denies the remaining allegations (if any) of Paragraph 26.

27. Defendant denies Paragraph 27.

28. Defendant admits Plaintiff said, "What is he being arrested for?" but denies the word "again" as contained in Paragraph 28 in that Plaintiff had not earlier directly mentioned "arrest.'

29. Defendant denies use of the word, "can" (and instead said "will"), but admits the remaining allegations of Paragraph 29.

30. Defendant admits Paragraph 30.

31. Defendant denies the word, "stalking" but admits the remaining allegations of Paragraph 31.

32. Defendant denies Paragraph 32.

33. Defendant admits Paragraph 33.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant admits he handed the phone back to Plaintiff but denies the remaining allegations of Paragraph 36.

Count I

37. In response to Paragraph 37, Defendant incorporates by reference his foregoing responses to the Complaint's allegations as if fully set forth herein.

38. Defendant makes no answer to the legal conclusions of Paragraph 38.

39. Defendant makes no answer to the legal conclusions of Paragraph 39.

40. Defendant denies Paragraph 40.

41. Defendant makes no answer to the legal conclusions of Paragraph 41. Defendant denies the factual allegations, if any, of Paragraph 41.

Affirmative Defenses

A. Plaintiff's Complaint fails to state a claim against Defendant on which relief can be granted.

B. Qualified Immunity shields Defendant from liability.

C. Plaintiff refused the reasonable command of a police officer, in the officer's presence, and was therefore subject to arrest, or search (including temporary seizure of Plaintiff's property), or both.

D. Plaintiff's claim, and any purported damages flowing therefore, are de minimis.

E. Plaintiff lacks standing due to the lack of any actual injury and there is no case or controversy. Alternatively, under the judiciary's institutional jurisprudential guidelines, this Court should decline to exercise subject matter jurisdiction.

F. Plaintiff has adequate remedy at law (if any remedy at all), and unclean hands, either or both thus barring equitable and/or declaratory relief.

Defendant denies any and all allegations in Plaintiff's Complaint not specifically admitted herein and with respect to which denial is deemed necessary to avoid such allegations being admitted.

WHEREFORE, Defendant prays this Court enter judgment in his favor and against Plaintiff, awarding Defendant his costs, attorney's fees, and expenses incurred herein.

                                MARK H. ZOOLE

                                /s/Mark H. Zoole
                                Mark H. Zoole
                                P.O. Box 190549
                                St. Louis, MO  63119
                                (314) 223-0436
                                zoole@sbcglobal.net
                                Counsel for Defendant

### Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was served on all counsel of record, including Anthony Rothert and Jessie Steffan, 906 Olive, Ste. 1130, St. Louis, MO, 63101, arothert@aclu-mo.org and jsteffan@aclu-mo.org, and Gillian Wilcox, 406 West 34th St., Ste. 420, Kansas City, MO, 64111, gwilcox@aclu-mo.org, and Lisa Hoppenjans, Campus Box 1120, One Brookings Dr., St. Louis, MO, 63130-4899, lhoppenjans@wustl.edu on this 19th day of December, 2019.

                                /s/Mark H. Zoole